**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAWAN SMITH,

                Petitioner,              Case Number: 06-CV-11626

v.                                    HONORABLE ARTHUR J. TARNOW

JAN TROMBLEY,

                Respondent.

_____/

**OPINION AND ORDER DENYING RESPONDENT'S MOTION FOR**
**SUMMARY JUDGMENT AND REQUIRING RESPONSIVE PLEADING**

**I.  Introduction**

Petitioner Dawan Smith has filed a *pro se* petition for a writ of habeas corpus, pursuant to

28 U.S.C. § 2254.  Petitioner, who is currently incarcerated at the Saginaw Correctional Facility

in Freeland, Michigan, challenges his 2002 convictions for two counts of first-degree murder,

assault with intent to commit murder, and felony firearm.  Respondent has filed a Motion for

Summary Judgment on the ground that the petition is not timely filed.

**II.  Procedural History**

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of first-

degree felony murder, assault with intent to commit murder, armed robbery, and possession of a

firearm during the commission of a felony.  On October 25, 2002, he was sentenced to life

imprisonment for the murder conviction, eighteen and three-quarters to thirty years

imprisonment for the assault conviction, and ten to thirty years imprisonment for the armed

robbery convictions, to be served concurrently with one another and consecutively to a term of

Smith v. Trombley, No. 06-cv-11626

two years imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals.  The Michigan Court of Appeals held that Petitioner was improperly convicted and sentenced for both felony-murder and the predicate offense of armed robbery.  The court vacated Petitioner's armed robbery conviction and affirmed in all other respects.  People v. Smith, No. 246809 (Mich. Ct. App. June 8, 2004).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied on December 29, 2004.  People v. Smith, No. 126696 (Mich. Dec. 29,2004).

Petitioner then filed the pending petition for a writ of habeas corpus on March 30, 2006.

### III.  Analysis

Respondent has filed a Motion for Summary Judgment on the ground that the petition for habeas corpus relief was not timely filed.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions. Petitioner's application for habeas corpus relief was filed after April 24, 1996.  Therefore, the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to Petitioner's application.  Lindh v. Murphy, 521 U.S. 320, 337 (1997).

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. (d)(1)(A).  The Sixth Circuit Court of Appeals has held that

2

Smith v. Trombley, No. 06-cv-11626

the one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired.  Isham v. Randle, 226 F.3d 69, 694-95 (6th Cir. 2000).

In the pending case, the Michigan Supreme Court, on direct review, denied Petitioner's delayed application for leave to appeal on December 29, 2004.  People v. Smith, 471 Mich. 954 (Mich. Dec. 29, 2004).  Petitioner's conviction became final ninety days later, on March 29, 2005, when the time during which Petitioner could have filed a petition for certiorari in the United States Supreme Court expired.  The one-year limitations period commenced the following day, March 30, 2005.  See Bronaugh v. Ohio, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions).  Petitioner filed his petition exactly one year later, on March 30, 2006.  The petition, therefore, was timely filed.

Accordingly, the Court shall deny Respondent's Motion for Summary Judgment and require Respondent to file an answer addressing the merits of the petition for a writ of habeas corpus.

### IV.  Conclusion

For the foregoing reasons, **IT IS ORDERED** that Respondent's Motion for Summary Judgment is **DENIED**.

3

Smith v. Trombley, No. 06-cv-11626

**IT IS FURTHER ORDERED** that Respondent shall file an answer, in accordance with

Rule 5, Rules Governing Section 2254 cases, addressing the merits of the application for a writ

of habeas corpus on or before **January 7, 2007.**


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  November 22, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on
November 22, 2006, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary

4