# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DAWAN SMITH,

        Petitioner,                              Case Number: 2:06-CV-11626

v.                                                    HON. ARTHUR J. TARNOW

JAN E. TROMBLEY,

        Respondent.
_____/

## OPINION AND ORDER

## (1) GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY,

## (2) GRANTING PETITIONER'S FIRST MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL, AND

## (3) DENYING PETITIONER'S SECOND MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Dawan Smith filed a *pro se* petition for a writ of habeas corpus. Petitioner challenged his convictions for felony murder, assault with intent to commit murder, and felony firearm. The Court denied the petition. Now before the Court are Petitioner's Motion for Certificate of Appealability and Petitioner's two Motions to Proceed *In Forma Pauperis* on Appeal.

Before Petitioner can appeal the Court's decision, a certificate of appealability under 28 U.S.C § 2253(c)(1)(A) and Fed. R. App. P. 22(b) must issue. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473 (2000), the United States

Supreme Court held that where a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a certificate of appealability. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam).

Petitioner presented two claims for habeas corpus relief. First, Petitioner argued that the prosecutor engaged in misconduct by improperly vouching for the credibility of the prosecution's key witness, Dalayna McDade, during closing argument, and by arguing facts not in evidence. The Court held that the prosecutor's argument regarding Dalayna McDade's testimony was not improper. The prosecutor did not place the prestige of the prosecutor's office behind Dalayna's testimony, instead, he merely explored her motives for testifying. The Court concluded that this did not amount to improper vouching. Petitioner also claimed that the prosecutor argued facts not in evidence when, in his rebuttal argument, he stated that no evidence was obtained pursuant to the search warrant executed at Petitioner's home because the victim was in the hospital undergoing surgery and the police had not yet had an opportunity to determine what type of clothing the shooter was wearing. Petitioner argues that, because no testimony was adduced regarding whether police knew what clothing the shooter was wearing when they executed the search warrant or regarding what happened to the gun, the prosecutor committed misconduct by asserting these arguments. The Court concluded that the prosecutor's argument asked the jury to draw reasonable inferences based upon the testimony presented, and, therefore, that the arguments were not inappropriate.

2

The Court finds that reasonable jurists could debate whether Petitioner "deserve[s] encouragement to proceed further" with his prosecutorial misconduct claims. Slack, 529 U.S. at 484 (internal quotation omitted). Therefore, the Court will grant Petitioner's motion for certificate of appealability with respect to the prosecutorial misconduct claims.

In his second claim, Petitioner argued that the trial court erred in refusing to instruct the jury on the inherent unreliability of eyewitness testimony. An instruction on the relative reliability of eyewitness testimony is not required by the Constitution, nor is there any clearly established Federal law requiring such an instruction. Schnorr v. Lafler, No. 05-74644, 2008 WL 1766669, *11, n.4 (E.D. Mich. Apr. 17, 2008). Therefore, the Court denied habeas relief on this claim. The Court finds that reasonable jurists could not find its decision denying this claim to be debatable or wrong and, therefore, denies a certificate of appealability on this claim.

Petitioner has filed two Motions to Proceed *In Forma Pauperis* on Appeal. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." U.S. v. Cahill-Masching, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000). Because the Court grants a certificate of appealability in part, the Court obviously finds that an appeal may be taken in good faith. The Court, therefore, shall grant Petitioner's First Motion to Proceed *In Forma Pauperis* On Appeal.

The Second Motion will be denied as unnecessary.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Petitioner's Motion for Certificate of Appealability is **GRANTED IN PART** and **DENIED IN PART**. A certificate of appealability is **GRANTED** as to Petitioner's prosecutorial misconduct claims and a certificate of appealability is **DENIED** with respect to the remaining claim.

**IT IS FURTHER ORDERED** that Petitioner's First Motion to Proceed *In Forma Pauperis* on Appeal [dkt. # 32] is **GRANTED** and his Second Motion to Proceed *In Forma Pauperis* on Appeal [dkt. # 33] is **DENIED** as unnecessary.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: November 19, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 19, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary